## Case No. 7,449.

### In re JONES.

[6 N. B. R. 386.] [1]

District Court, E. D. Michigan. Feb. 6, 1872.

Mr. Atterbury, assignee, in pro. per.
Mr. Pond, for bankrupt.

## Case No. 7,450.

### In re JONES.

[7 N. B. R. (1873) 506.] [1]

District Court, D. Indiana.

[1] [Reprinted by permission.]

[1] [Reprinted by permission.]

GRESHAM, District Judge. On the 17th of October, 1870, William McEwen filed his petition in this court for adjudication of bankruptcy against Benjamin F. Jones. At the same time a petition was pending in the same court against McEwen, seeking adjudication of bankruptcy against him, and pending his proceeding against Jones, McEwen was himself adjudged bankrupt, and Joseph J. Irwin and three others were appointed his assignees. Thereupon, Jones filed his plea in abatement to the petition against him, setting out the bankruptcy of McEwen, and claiming thereby the proceeding against him was at an end. At this stage of the proceedings, Irwin and the other assignees of McEwen come in and produce evidence of their appointment, and move the court to substitute them as the petitioners against Jones, and to strike the plea in abatement from the files. The bankruptcy proceeding in the name of McEwen against Jones is, by the adjudication of bankruptcy against McEwen, abated, unless the bankrupt act provides that the suit may be continued in the name of his assignees. The first clause of section 16 of that act gives to the assignee of a bankrupt "the like remedy to recover all the estate, debts, and effects in his own name, as the debtor might have had if the decree in bankruptcy had not been rendered and no assignment had been made." The second clause of that section provides that "if at the time of the commencement of proceedings in bankruptcy an action is pending in the name of the debtor for the recovery of a debt or other thing," which ought to pass by the assignment, the assignee may procure himself to be admitted to prosecute such action just as if it had been commenced by him. The third clause of section 16 declares that no suit pending in the name of an assignee shall abate by his death or removal, and that the successor shall be admitted to prosecute it, as if it had been commenced in his name. Under the first clause of this section the assignee may originate a suit in bankruptcy against a debtor of the bankrupt. His remedies under the law are regulated by the same provisions that control the rights of other parties. If such a debtor is in failing circumstances, and the assignee has reason to know his condition, he cannot more than any other party, proceed to judgment and execution, or, in other words, he cannot secure by such method, or in any other way, a preference over other creditors for the estate which he is administering. He must adopt the only remedy which the law allows him in the performance of his duty to collect the assets of the bankrupt, and that is the filing of a petition in bankruptcy against his bankrupt's insolvent debtor. An action by a creditor against his debtor, by means of a proceeding in bankruptcy, is strictly "an action for the recovery of a debt or other thing which might or ought to pass to the assignee by the as-

signment," and, indeed, is often the only action that the creditor can resort to. All other remedies for the collection of debts are open to the assignee, and why not the remedy by suit in bankruptcy? If, then, the first clause of said section authorizes the assignee to originate an action in bankruptcy for the recovery of a debt due the bankrupt, it will hardly be questioned that the second and third clauses of said section transmit the right to prosecute pending actions from the bankrupt to the assignee, and from one assignee to another, in case of death or removal. It follows thereupon that the assignee must be substituted for the bankrupt.